IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| C.D., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No. 5:24-cv-00246-CHW |
| | : | |
| **COMMISSIONER OF SOCIAL SECURITY** | : | Social Security Appeal |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**REPORT & RECOMMENDATION**

Before the Court is Plaintiff's unopposed motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412. (Doc. 18).[1] For the reasons explained below, the motion is **GRANTED**.

In a prior Order, the Court remanded this case pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. 13, 14). Plaintiff now asks for attorney's fees in the amount of $8,944.50 for the time expended in litigating this case. (Doc. 18). This requested amount represents compromise between the parties and is less than the fee and hours work reflected in Plaintiff's motion. *See* (Doc. 18-1, p. 3; Doc. 18-2, p. 2). The Commissioner does not oppose Plaintiff's request, the requested hours appear to be within a reasonable range, and the rates relied upon by Plaintiff (Doc.

---

[1] Plaintiff filed her initial motion for attorney's fees (Doc. 15) on October 21, 2025, to meet the filing deadline. Defense counsel was unable to review and provide consent for the motion due to the government shutdown. (Doc. 15-1, p. 1). After conferring with defense counsel, Plaintiff then refiled her motion unopposed on November 19, 2025. (Doc. 17). Due to a clerical error, a third motion was filed. (Doc. 18). The Clerk of Court administratively terminated the second motion (Doc. 17), which left the original (Doc. 15) and third corrected motions (Doc. 18) pending. This order cites to the latest filed, unopposed motion. (Doc. 18). The Clerk of Court is **DIRECTED** to terminate the original motion. (Doc. 15).

1

18-1, p. 2) appear to comport with this Court's CPI formula established in *Hartage v. Astrue*, No. 4:09-cv-48, 2011 WL 1123401 (M.D. Ga. Mar. 24, 2011).

It is accordingly **ORDERED** that Plaintiff's unopposed motion for EAJA fees (Doc. 18) be **GRANTED**, and that Plaintiff be awarded $8,944.50 in attorney's fees. This award should be made payable to Plaintiff directly. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). If, however, the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Commissioner may accept Plaintiff's assignment of EAJA attorney's fees (Doc. 18-5) and pay the awarded fees directly to Plaintiff's counsel.

**SO ORDERED**, this 20th day of November, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge